IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CESAR DE LEON MORILLO, :
:
    Petitioner :
:
v. : CIVIL NO. 4:CV-06-677
:
: (Judge Jones)
INS, ET AL., :
:
    Respondents :

## ORDER

April 11, 2006

**Background**

Cesar De Leon Morillo ("Petitioner" or "Morillo"), filed this *pro se* Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Columbia. Named as sole Respondent in the Petition is the United States District Court for the District of Columbia.[1] The Petition is accompanied by a motion to proceed *in forma pauperis* application.

Morillo challenges his ongoing detention at the York County Prison, in York, Pennsylvania. Morillo describes himself as a native and citizen of the Dominican

---

[1] The docket from the District of Columbia lists the Immigration and Naturalization Service ("INS"), the Bureau of Immigration and Customs Enforcement ("ICE"), and the York County Prison as being Respondents.

Republic who entered the United States "as a legal permanent resident in 1992." (Rec. Doc. 1, ¶ 2). He acknowledges that an Immigration Judge ("IJ") ordered his removal from the United States on April 21, 2004 on the grounds that he was a controlled substance offender and an aggravated felon.

Petitioner contends that the IJ and thereafter, the Board of Immigration Appeals ("BIA") "committed legal error when it found Petitioner deportability [sic]." Id. at ¶ 1. Morillo claims that the ICE failed to satisfy its burden of proof of presenting clear and convincing evidence in support of the proposed removal. Specifically, he asserts that documentary evidence used by the ICE to establish proof of his criminal convictions was insufficient. As relief, Morillo asks that this Court remand his case to the IJ for further proceedings. Petitioner has also filed a motion requesting his immediate release. For the reasons outlined below, Morillo's action will be dismissed as a second or successive Petition.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-159 (M.D. Pa. 1979). Rule 4 provides, in pertinent part: "If it plainly appears from the face of the petition and any exhibits

annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970), cert. denied, 400 U.S. 906 (1970); accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Sixth Circuit Court of Appeals also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Allen, 424 F.2d at 141.

Prior to the 1996 amendments, 28 U.S.C. § 2244 authorized dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." McCleskey vs. Zant, 499 U.S. 467, 483 (1991). Section 2244 provided:

> (a)  No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

The Supreme Court in McCleskey expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

3

> A petitioner may abuse the writ by failing to raise a claim through inexcusable neglect. Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

McCleskey, 499 U.S. at 489.

Following the 1996 amendments, § 2244(b)(2) now provides:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the existence of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in the light as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court. The applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

On February 22, 2006, Morillo submitted a prior identical § 2241 Petition to this Court. See Morillo v. United States District Court, Civil No. 4:CV-06-395. By Order dated February 24, 2006, Petitioner's initially filed action was transferred to the United

States Court of Appeals for the Third Circuit pursuant to Section 106 of the REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005). The Third Circuit Court of Appeals was deemed the appropriate transferee circuit since it previously entertained and denied Morillo's Petition for review from the BIA's final order of removal.

Based on this Court's review of the pending habeas Petition and motion for immediate release, those submissions are identical in all respects to Morillo's prior Petition and accompanying motion. It is apparent that in his present action, Morillo has simply substituted the District of Columbia for the Middle District of Pennsylvania in the caption of his Petition and as the Respondent.

Petitioner has failed to show that his instant claims fall within the statutory exceptions outlined above. Moreover, there is no indication that Morillo applied for and was granted leave to file a second or successive habeas corpus petition by the Third Circuit Court of Appeals. Under the requirements set forth in § 2244(b)(2), the instant successive Petition cannot be entertained by this Court.

**NOW, THEREFORE, IT ORDERED THAT:**

1. The Petition for Writ of Habeas Corpus is DISMISSED pursuant to 28 U.S.C. § 2244(b)(2).

2. The show cause Order issued in this matter on April 6, 2005 is hereby VACATED.

3.      The Clerk of Court is directed to CLOSE the case.

4.      There is no basis for the issuance of a certificate of appealability.

<u>s/ John E. Jones III</u>
JOHN E. JONES III
United States District Judge